UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TAMMIE GABRIEL and ASHLEIGH GABRIEL,<br><br>Plaintiffs,<br><br>v.<br><br>NCC BUSINESS SERVICES, INC.,<br><br>Defendant. | CASE NO. 1:18-cv-02562<br><br>JURY DEMAND |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for actual damages, statutory damages, costs of the action and a reasonable attorney's fee brought by Plaintiffs Tammie Gabriel and Ashleigh Gabriel for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., by Defendant.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 1337.

### III. PLAINTIFF

3. Plaintiffs Tammie Gabriel and Ashleigh Gabriel are natural persons residing in Hamilton County, Indiana.

### IV. DEFENDANTS

4. Defendant NCC Business Services, Inc. is a for-profit foreign corporation with its principal place of business in Jacksonville, Florida.

5. At all times relevant herein, Defendant NCC Business Services, Inc. was operating as a debt collector as defined by 15 U.S.C. § 1692a(6).

### V. STATEMENT OF FACTS

6. Tammie is Ashleigh's mother; at all relevant times herein, Ashleigh did not reside with Tammie.

7. Ashleigh resided at Scandia Apartments from May 24, 2016, to August 31, 2016, under the terms of a lease Ashleigh signed on May 23, 2016.

8. Because of a breach of the lease by the landlord, Ashleigh terminated her lease at Scandia Apartments and moved out early.

9. Ashleigh received a debt collection telephone call from Defendant at approximately 1:09 p.m. on November 2, 2017; Ashleigh advised Defendant at this time that the debt was disputed.

10. During the November 2, 2017, telephone call, Ashleigh was not advised that unless she disputed the debt or any portion thereof within thirty days that Defendant would assume the debt to be valid, that if she notified Defendant in writing within the thirty-day period that the debt or any portion thereof is disputed Defendant will obtain verification of the debt and mail it to Plaintiff or that upon Plaintiff's written request within the thirty-day period Defendant will provide Plaintiff with the name and address of the original creditor if different from the current creditor.

11. On November 3, 2017, Defendant called Tammie and left a voicemail that stated:

    We have a message from NCC Business Services.  This is a call from a debt collector.  Please call 1-888-880-6020 extension 2196.

12. In response to the voicemail, Tammie called Defendant and left a voicemail stating:

    I just got a message on my voicemail at 317-219-6877.  I don't have any debt.  Please don't call here again.

13. Defendant immediately called back and gave her name and Defendant's name, asked Tammie if she just left a message (Tammie said yes) and asked her if she knew Ashleigh Gabriel or Robert Sizemore (Tammie said no); Defendant's employee said she would not call back.

14. On November 3, 2017, Defendant called Ashleigh and left a voicemail that stated:

    We have a message from NCC Business Services.  This is a call from a debt collector.  Please call 1-888-880-6020 extension 2196.

### VI.    CLAIMS FOR RELIEF

#### A.  Fair Debt Collection Practices Act

15. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one through fourteen.

16. Defendant violated the Fair Debt Collection Practices Act as to Tammie.  These violations include, but are not limited to:

   a. Attempting to collect a debt that is not owed, in violation of 15 U.S.C. §§ 1692e and f;

   b. Failing to provide the information listed in 15 U.S.C. § 1692g(a)(3-5) in its initial communication with Tammie or in writing within five days thereafter, in violation of 15 U.S.C. § 1692g(a).

17. Defendant violated the Fair Debt Collection Practices Act as to Ashleigh. These violations include, but are not limited to:

   a. Attempting to collect a debt that is not owed, in violation of 15 U.S.C. §§ 1692e and f;

   b. Failing to provide the information listed in 15 U.S.C. § 1692g(a)(3-5) in its initial communication with Ashleigh or in writing within five days thereafter, in violation of 15 U.S.C. § 1692g(a);

   c. Communicating with Tammie about Ashleigh's alleged debt, in violation of 15 U.S.C. § 1692b;

   d. Communicating with Tammie about Ashleigh's alleged debt, in violation of 15 U.S.C. §§ 1692d and f.

18. As a result of these violations of the Fair Debt Collection Practices Act, Defendant is liable to Plaintiffs for their actual damages, statutory damages, costs, attorney fees and all other appropriate relief.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendant in an amount that will compensate them for their actual damages, statutory damages, costs, attorney fees and all other appropriate relief.

    Respectfully submitted,

    s/ *Robert E. Duff*
    Robert E. Duff, Atty No. 16392-06
    Indiana Consumer Law Group/
    The Law Office of Robert E. Duff
    P.O. Box 7251
    Fishers, IN 46037
    800-817-0461
    robert@robertdufflaw.com

## **JURY TRIAL REQUEST**

Plaintiff requests a trial by jury.

> s/ *Robert E. Duff*
> Robert E. Duff, Atty No. 16392-06
> Indiana Consumer Law Group/
> The Law Office of Robert E. Duff
> P.O. Box 7251
> Fishers, IN 46037
> 800-817-0461
> robert@robertdufflaw.com